*LAW OFFICES OF CIVARDI & OBIOL, P.C.*
**Attorneys for Plaintiffs**
*23 South Main Street, Suite 30*
*Freeport, New York 11520*
*(516) 678-9797*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

ESTATE OF DANIEL McDONNELL, BY DANIELLE
McDONNELL, Administratrix, DEVON McDONNELL,
an infant by his mother and natural guardian,
DANIELLE McDONNELL and DANIELLE McDONNELL,
Individually,

                                Plaintiffs,

                 -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT and MULTIPLE SUFFOLK
COUNTY POLICE OFFICERS WHOSE NAMES ARE
CURRENTLY UNKNOWN,
                         Defendants.

------------------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 3 1 2011 ★

BROOKLYN OFFICE

*COMPLAINT* **FEUERSTEIN, J.**

**WALL, M.J.**

**SUMMONS ISSUED**

       Plaintiffs, ESTATE OF DANIEL McDONNELL, BY DANIELLE McDONNELL,

Administratrix, DEVON McDONNELL, an infant by his mother and natural guardian, DANIELLE

McDONNELL and DANIELLE McDONNELL, Individually, as and for their Complaint, by their

attorneys, LAW OFFICES OF CIVARDI & OBIOL, P.C., and JAMES McDONAUGH, ESQ.

respectfully allege as follows:

### INTRODUCTION

    1.    Plaintiffs bring this action to redress violations by defendants of plaintiffs'

decedent's rights under the Constitutional Laws and of the United States of America and the

State of New York.

    2.    This is an action pursuant to 42 USC §1983 to redress the deprivation under the

color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Daniel McDonnell by the First, Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States; namely by the rights to:

      a)     Freedom from deprivation of life without due process of law;

      b)     Freedom from unreasonable seizure;

      c)     Freedom from excessive force and physical abuse;

      d)     Freedom from cruel and unusual punishment;

and for redress of violations of the laws and common law of the United States of America, and the laws and common law of the State of New York including claims for assault, battery, negligence, conscious pain and suffering and wrongful death.

## PARTIES, JURISDICTION AND VENUE

3.     Plaintiff, DANIELLE McDONNELL, is an adult citizen who resides at 206 North 7th Street, Lindenhurst, Suffolk County, New York.   She is the Administratrix of the Estate of her late husband, Daniel McDonnell and was duly appointed by the Surrogates Court of Suffolk County on June 6, 2011.  She seeks relief on behalf of the Estate of Daniel M. McDonnell, Individually, and on behalf of her infant son.

4.     Plaintiff, DEVON McDONNELL, is an infant, age 9, and son of the decedent who resides with his mother and natural guardian, DANIELLE McDONNELL at 206 North 7th Street, Lindenhurst, New York 11757.

5.     At all times hereinafter mentioned, defendant COUNTY OF SUFFOLK was and is a municipal corporation and a County of the State of New York.

6.     At all times hereinafter mentioned defendant, SUFFOLK COUNTY POLICE

2

DEPARTMENT was and is a department of and maintained by defendant, SUFFOLK COUNTY.

7.    At all times hereinafter mentioned, the defendants, (multiple SUFFOLK COUNTY POLICE OFFICERS) were employees, agents and servants of defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT, were duly appointed and acting as Police Officers of the SUFFOLK COUNTY POLICE DEPARTMENT, under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the County of Suffolk, State of New York and are being sued herein in their official capacities and individually.

8.    Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 which confers original jurisdiction upon the District Courts in all civil actions arising under the Constitution, laws or treaties of the United States; §1343, which confers original jurisdiction upon the District Courts in all civil actions to redress the deprivation under color of any State law and statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States; and 42 U.S.C. § 1983 which confers original jurisdiction upon the District Courts in all civil actions brought for its enforcement.

9.    Venue is properly laid, pursuant to 28 U.S.C. §1391, et seq. in the Eastern District of New York where all parties reside and in which the events and violations complained of occurred.

10.    Plaintiffs invoke the supplemental jurisdiction of this Court in connection with the pendent state claims pursuant to 28 USC §1367 as they form part of the same case and controversy presented in the Federal claims.

11.    That on or about June 20, 2011, Notice of Claim pursuant to §50 (e) of the New York State General Municipal Law was served on the Suffolk County Attorney and the Suffolk County

3

Police Department.

12.    More than thirty (30) days have elapsed since the service of Notice of Claim and adjustment or payment of plaintiffs' claims has been neglected or refused.

## FACTUAL BACKGROUND

13.    On May 5, 2011, the decedent Daniel McDonnell attended court in the District Court of Suffolk County to answer a misdemeanor charge that stemmed from a dispute with his next door neighbor.

14.    He saw his next door neighbor in court and felt that the neighbor was harassing him. They left Court at approximately the same time and arrived at their home addresses in close proximity of time.

15.    The next door neighbor felt that the decedent Daniel McDonnell violated an Order of Protection by driving too close to him as he entered his driveway.

16.    Although their properties are immediately contiguous to each other, the SUFFOLK COUNTY POLICE DEPARTMENT, First Precinct sent Officers at the request of the neighbor to speak with decedent Daniel McDonnell.

17.    The First Precinct Officers arrived at about 1:30 p.m. and witnesses saw them outside the McDonnell residence and that Daniel McDonnell was calmly taken into custody and did not offer any resistance. At the time of the arrest of Daniel McDonnell at his residence on 206 North 7th Street, Lindenhurst, New York he was also residing there with his wife, son, father, Joseph McDonnell and mother Bridget McDonnell.

18.    Joseph McDonnell witnessed the arrest of his son and he advised one of the uniformed Officers who came to the door that his son was bipolar and suffered from a heart

4

condition.

19.     Shortly thereafter, Daniel McDonnell's mother, Bridget McDonnell returned home from work on May 5, 2011 and received a phone call from her son from the First Precinct.

20.     Upon Daniel McDonnell's request, his mother Bridget McDonnell brought multiple medications that he requested to the First Precinct.

21.     Shortly thereafter she arrived at the First Precinct and was asked by the desk officer "are you the one with the medication?". She provided her son's medications to the Police Officer which were examined by the desk officer.

22.     The desk officer refused to give the medications to her son. Bridget McDonnell, asked the desk officers to call CVS drug store to confirm what the meds were and that they were extremely important and necessary to be given to her son. She was refused.

23.     Bridget McDonnell became very concerned and worried about her son's condition and asked to see him and again was refused. Bridget McDonnell was assured that if her son had a medical problem that they would "send him to emergency". She took this as an assurance that if her son needed medical attention he would receive it.

24.     The next day on May 6, 2011, two male detectives from the First Precinct came to the home residence to speak to Joseph McDonnell and advised him that his son had died of a "heart attack". He had died the previous day and his wife was waiting for him several hours in the District Court of Suffolk County Arraignment Part without being told of her husband's death.

25.     On or about May 6, 2011, the plaintiffs' decedent, Daniel McDonnell was placed in custody alone in a holding cell at the First Precinct of the Suffolk County Police Department, Route 109, West Babylon, New York.

26.     That at the aforementioned time and place, plaintiffs' decedent was in the care, custody and control of the defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT and multiple SUFFOLK COUNTY POLICE OFFICERS.

27.     That defendants, their agents, servants and employees were made aware that plaintiffs' decedent suffered from a heart condition and serious psychiatric disorder.

28.     That defendants, their agents, servants and employees were made aware that plaintiffs' decedent required certain medications for his heart condition.

29.     That defendants, their agents, servants and employees were made aware that plaintiffs' decedent required certain medications for a psychiatric disorder.

30.     That defendants, their agents, servants and employees were provided with plaintiffs' decedent's medications.

31.     That defendants, their agents, servants and employees failed and refused to administer said medications.

32.     That defendants, their agents, servants and employees failed and refused to bring plaintiffs' decedent to any hospital or infirmary to obtain medications.

33.     That plaintiffs' decedent remained in custody for approximately eighteen hours.

34.     That plaintiffs' decedent was placed and held in a holding cell alone within the First Precinct.

35.     That a member of the SUFFOLK COUNTY POLICE DEPARTMENT whose name is currently unknown used a Taser device on plaintiffs' decedent while he was confined in a cell.

36.     That a member of the SUFFOLK COUNTY POLICE DEPARTMENT whose name is currently unknown used a second Taser device on plaintiffs' decedent while he was confined in a

cell.

37.     That plaintiffs' decedent suffered respiratory distress.

38.     That plaintiffs' decedent was handcuffed.

39.     That plaintiffs' decedent died while in police custody.

## AS AND FOR A FIRST CLAIM FOR RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS – 42 USC §1983

40.     Plaintiffs repeat, reiterate and reallege each and every allegation

contained in paragraphs numbered "1" through "39" inclusive with the same force and effect as if

fully set forth at length herein.

41.     That the acts of the defendants, SUFFOLK COUNTY POLICE OFFICERS

Whose Names Are Currently Unknown were performed under color of state law as described

herein, constituting excessive use of force and denial of proper medical care in violation of

plaintiff's Civil Rights under the First, Fourth, Eighth, Thirteenth and Fourteenth Amendments of

the Constitution of the United States and under 42 U.S.C. § 1983.

42.     That said acts were unlawful and performed without any justification in law

whatsoever.

43.     As a result of the foregoing, plaintiffs' decedent, DANIEL McDONNELL,

suffered deprivation of life without due process of law, and suffered serious personal injuries

including:

a)     Violation of his Constitutional Rights under the First, Fourth, Eighth,

and Fourteenth Amendments of the United States Constitution as

follows:

7

b)   Deprivation of life without due process of law;

c)   Unreasonable seizure;

d)   Excessive force and physical abuse;

e)   Cruel and unusual punishment;

e)   Violations of the laws and common law of the United States of America, and the laws and common law of the State of New York including claims for assault, battery, negligence, conscious pain and suffering and wrongful death,

f)   Severe pain and suffering, extreme fear, emotional trauma, and denial of prompt and adequate medical treatment;

g)   Wrongful death.

44.   As a direct and proximate result of the aforesaid acts of the defendants, plaintiffs Danielle McDonnell and Devon McDonnell suffered psychological and economic injuries and damages that will continue into the future.

45.   As a direct and proximate result of the said acts of the defendants, plaintiffs Danielle McDonnell and Devon McDonnell suffered a violation of the liberty and privacy interest in preserving the integrity and stability of their family relationship from intervention by the State without due process of law under the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution.

46.   The action of the defendants Officers, and other Police Officers who are currently unknown violated clearly established and well settled Federal Constitutional Rights of the plaintiff, DANIEL McDONNELL.

47.   By reason of the foregoing, plaintiffs have been damaged in the sum of FIVE

8

MILLION 00/100 ($5,000,000.00) DOLLARS plus attorneys fees authorized pursuant to 42 USC §1988.

### AS AND FOR A SECOND CLAIM FOR RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS AGAINST THE COUNTY OF SUFFOLK – 42 USC §1983 MONELL CLAIM

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" inclusive with the same force and effect as if fully set forth at length herein.

49.     That prior to May 5, 2011, the County of Suffolk developed and maintained policies and customs exhibiting deliberate indifference to the Constitutional Rights of the citizens of the State of New York who were in the custody of the Suffolk County Police Department which precipitated the violations of plaintiffs' decedent, Daniel McDonnell's Constitutional rights.

50.     That the COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT failed to properly train, update, and caution its Police Officers in the proper and reasonable use of Tasers.

51.     Concern for the frequency of the use of Tasers by members of the SUFFOLK COUNTY POLICE DEPARTMENT cited in a November 17, 2009 Newsday Article resulted in a letter from the NYCLU Suffolk County Chapter directed to Richard Dormer, Commissioner of the SUFFOLK COUNTY POLICE DEPARTMENT on December 18, 2009 calling his attention to the following:

a)      The November 17, 2009 Newsday Article reporting that Suffolk County Police Officers were using Tasers with an alarming frequency;

9

b)     Citing numerous cases where Tasers were cited as potentially lethal weapons that resulted in the death of people in custody or persons being taken into custody;

c)     Explaining to him that Tasers are potentially deadly weapons;

d)     Warning the Commissioner that information provided by the manufacturer of the Taser warned of "increased risk of heart attack for those who are tasered in the chest region";

e)     Warning that Police Departments must be vigilant in updating their use of force policies and ensuring that all officers are aware of the dangers of the use of Tasers;

f)     Noting a review of the SUFFOLK COUNTY POLICE DEPARTMENT's Rules and Procedures as updated in June, 2009 and pointing out that those policies did not include a use-of-force policy which would direct and guide officers regarding the appropriate and safest use of Tasers;

g)     Requesting the SUFFOLK COUNTY POLICE DEPARTMENT prepare a Use of Force Policy taking into the account the dangers outlined in its letter, and in particular citing the recent warnings by Taser International of the danger of Taser use aimed at the chest area.

52.     That it was the policy of defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT to suffer, allow and encourage the use of Tasers as a "come along device" while its only proper and accepted use is only as an alternative to deadly force.

53.     That it was the policy and/or custom of the COUNTY OF SUFFOLK to inadequately and improperly investigate claims of injury and acts of negligence and/or misconduct were instead tolerated by the COUNTY OF SUFFOLK.

54.     It was the policy and/or custom of the COUNTY OF SUFFOLK to
indemnify and defend its officers, including indemnification for awards for punitive damages,
without discipline all of which establish the policy and custom of approving such conduct by
giving the officers the unmistakable belief that such conduct was tolerated, approved, and
accepted.

55.     That the COUNTY OF SUFFOLK and its Police Department, despite warnings
and complains from the public and warnings from the manufacturer of the Taser, failed to
develop a policy for the proper use and method of use of Tasers by the SUFFOLK COUNTY
POLICE DEPARTMENT.

56.     It was the policy and/or custom of the COUNTY OF SUFFOLK and SUFFOLK
COUNTY POLICE DEPARTMENT to inadequately supervise, discipline and train its police
officers, particularly but not limited to the proper use of Tasers, including the defendant officers,
thereby failing to adequately discourage further Constitutional violations on the part of its police
officers.

57.     That the action of the defendants, SUFFOLK COUNTY POLICE OFFICERS
resulted from and were taken pursuant to a *de facto* policy of the defendant, COUNTY OF
SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT to protect acts of misconduct on
the part of its police officers, to wit, failing to provide prompt and appropriate medical attention
following serious and obvious injuries.

58.     Despite the knowledge of unconstitutional policies and practices, the
supervisors making policy for the employees of the COUNTY OF SUFFOLK and SUFFOLK
COUNTY POLICE DEPARTMENT have not as a matter of policy taken steps to terminate said

11

practices, have not disciplined or otherwise properly supervised the individual officers who

engaged in said practices, have not effectively trained police officers with regard to proper

constitutional statutory limits on the exercise of their authority and/or failure to act following

injury to arrestees and have instead sanctioned the policies and practices described previously

through their deliberate indifference to the effect of such policy and practices upon the

Constitutional Rights of the plaintiffs' decedent herein and the residents and visitors to the

COUNTY OF SUFFOLK, thereby authorizing and sanctioning such policies and practices.

59.     The defendants, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE

DEPARTMENT, having sanctioned the causes of the violation of plaintiffs' decedent's rights is

liable to the plaintiffs for injuries pursuant to 42 U.S.C. §1983, and the Fourth, Eighth and

Fourteenth Amendments to the United States Constitution.

60.     By reason of the foregoing plaintiffs have been damaged in a sum not to exceed

FIVE MILLION 00/100 ($5,000,000.00) DOLLARS plus attorney's fees authorized pursuant to

Federal statute.

## AS AND FOR A THIRD CLAIM FOR RELIEF FOR PENDENT CLAIMS FOR RECKLESSNESS, GROSS NEGLIGENCE AND NEGLIGENCE

61.     Plaintiffs repeat, reiterate and reallege each and every allegation

contained in paragraphs "1" through "60" inclusive with the same force and effect as if fully set forth

at length herein.

62.     These defendants have a duty to make sure that their fellow Police officers and

supervisors do not violate their duty to report crimes and misconduct by fellow Police Officers.

63.     The defendants have been reckless, grossly negligent and negligent in the

12

instruction and training they provide to their members with respect to their responsibilities to report crimes, misconduct or the excessive use of force by other Police Officers.

64.     The defendants knew or should have know that their policies and practices within the Precinct have contributed to improper concealment of admissions by Police Officers to their superiors, and a "code of silence" being followed by Police Officers to cover up crimes and misconduct.

65.     The defendants knew or should have know that their policies and practices as well as their grossly negligent and negligent supervision and training of their Police Officers created an atmosphere where officers felt assured that they could utilize Taser devices in situations that they were not warranted.

66.     The mistreatment and death of Daniel McDonnell previously set forth, the denial of medication, denial of proper medical treatment and improper multiple use of Taser devices were reasonably foreseeable results of defendants' negligent conduct.

67.     As a consequence, plaintiff, Daniel McDonnell suffered severe physical and mental injuries which resulted in death and plaintiffs have suffered damage as set forth above.

68.     By reason of the foregoing plaintiffs have been damaged in a sum not to exceed FIVE MILLION 00/100 ($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CLAIM FOR RELIEF FOR RECKLESSNESS, GROSS NEGLIGENCE AND NEGLIGENCE

69.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "68" inclusive with the same force and effect as if fully set forth at length herein.

13

70.     That defendants, MULTIPLE SUFFOLK COUNTY POLICE OFFICERS, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT had a duty to employ the use of Taser devices in accordance with accepted policies, practices, rules, regulations, and manufacturer's warnings.

71.     That defendants, MULTIPLE SUFFOLK COUNTY POLICE OFFICERS, COUNTY OF SUFFOLK and SUFFOLK COUNTY POLICE DEPARTMENT were reckless, grossly negligent and negligent in:

        a)      The use of a Taser device on an individual to effect compliance;

        b)      The use of a Taser device as a "come along" device;

        c)      The use of a Taser device in excess of the degree of force necessary;

        d)      The use of a Taser device on an individual with a known heart condition;

        e)      The use of a Taser device in the chest area of an individual;

        f)      The use of a Taser device on an individual standing in water;

        g)      The use of a Taser device on an individual suffering from an infirmity;

        h)      The use of multiple Taser devices in each instance enumerated above;

        i)      And were in other ways reckless, grossly negligent and negligent.

72.     As a result, plaintiffs' decedent and plaintiffs have suffered injuries as aforestated.

73.     By reason of the foregoing plaintiffs have been damaged in a sum not to exceed FIVE MILLION 00/100 ($5,000,000.00) DOLLARS.

## *AS AND FOR A FIFTH CLAIM FOR RELIEF FOR RECKLESSNESS, GROSS NEGLIGENCE AND NEGLIGENCE*

74.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

14

paragraphs "1" through "73" inclusive with the same force and effect as if fully set forth at length

herein.

75.     By reason of the foregoing, defendants are liable to the plaintiffs for negligent

grossly negligent and reckless screening, hiring, training, discipline and retention of defendants.

76.     As a consequence, plaintiffs suffered damages as set forth above.

77.     By reason of the foregoing plaintiffs have been damaged in a sum not to exceed

FIVE MILLION 00/100 ($5,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CLAIM FOR RELIEF FOR PENDENT CLAIMS OF ASSAULT AND BATTERY

78.     Plaintiffs repeat, reiterate and reallege each and every allegation

contained in paragraphs "1" through "77" inclusive with the same force and effect as if fully set forth

at length herein.

79.     By their actions, as set forth, defendants committed brazen acts of battery against

Daniel McDonnell which included upon information and belief, placing him in fear of imminent

harmful physical contact, striking him with hands and fists and utilizing multiple Taser strikes

against him while he was alone and already in a cell, and causing him physical injury resulting in

death. This use of physical force against Daniel McDonnell was unreasonable and excessive.

80.     The COUNTY OF SUFFOLK is responsible for the excessive and unnecessary

physical use of force by the defendant Police Officers because it occurred while they were acting

in the scope of their employment and specifically in the course of executing their responsibility to

hold him safely while being held in the First Precinct, located in West Babylon, New York.

81.     As a result of the excessive and unnecessary physical force used against him,

15

Daniel McDonnell suffered severe and serious physical and mental injuries which resulted in his death, and plaintiffs have been damaged as set forth above.

82.     By reason of the foregoing plaintiffs have been damaged in a sum not to exceed FIVE MILLION 00/100 ($5,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CLAM FOR RELIEF FOR PENDENT CLAIMS OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

83.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "82" inclusive with the same force and effect as if fully set forth at length herein.

84.     By watching the emotional and mental condition of Daniel McDonnell deteriorate over the 18 hours he was in custody, failing to provide him with adequate prescription medicine as requested by his mother and to dispense the prescription drugs provided by his mother, failing to seek immediate medical intervention and/or transfer to a medical facility, and utilizing multiple Taser strikes to his upper body, leaving him during the course of his incarceration to agonize as his mental condition deteriorated, in failing to report to doctors or superiors his need for medical attention and/or medications, numerous Police Officers and supervisory officers, whose names are currently unknown embarked on a malicious, willful and grossly negligent course of conduct intended to cause Daniel McDonnell to suffer extreme mental and emotional distress, agony and anxiety. Defendants and their supervisory officers and superior officers either knew or should have known that utilizing a Taser device on an individual already in custody, and already individually placed in a holding cell constituted outrageous acts of terror and duress.

85.     That defendants and their supervisory officers either knew or should have known that

16

Mr. McDonnell was suffering from a severe mental illness and that failure to get him to a hospital for immediate treatment could lead to an unreasonable risk of bodily harm, and that failure to obtain such treatment promptly would cause him extreme mental pain and anguish; nonetheless, all of these defendants breached their duty to obtain prompt medical treatment for Daniel McDonnell.

86.    The aforesaid acts are intentional and reckless infliction of emotional and mental distress by defendants constitute misconduct resulting in the intentional and negligent infliction of emotional distress upon Daniel McDonnell prior to his death.

87.    By reason of the foregoing plaintiffs have been damaged in a sum not to exceed FIVE MILLION 00/100 ($5,000,000.00) DOLLARS plus attorney's fees authorized pursuant to Federal statute.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF - PENDENT CLAIM – RESPONDEAT SUPERIOR

88.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "87" inclusive with the same force and effect as if fully set forth at length herein.

89.    At all times relevant to this Complaint, all defendant employees of the COUNTY OF SUFFOLK were acting for, upon and in furtherance of the business of their employer, COUNTY OF SUFFOLK and THE SUFFOLK COUNTY POLICE DEPARTMENT and within the scope of their employment.

90.    Consequently, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT are liable under the doctrine of Respondeat Superior for their tortious actions.

91.    By reason of the foregoing plaintiffs have been damaged in a sum not to exceed

17

FIVE MILLION 00/100 ($5,000,000.00) DOLLARS plus attorney's fees authorized pursuant to Federal statute.

### AS AND FOR A NINTH CLAIM FOR RELIEF – 42 USC §1983 AND PENDENT CLAIMS BY DANIELLE MCDONNELL

92.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "91" inclusive with the same force and effect as if fully set forth at length herein.

93.     At all times relevant to this action, Danielle McDonnell was the lawful spouse of Daniel McDonnell and as such was entitled to the comfort, enjoyment, society and services of her spouse.

94.     By reason of the foregoing conduct of the defendants, Danielle McDonnell was deprived of the comfort and enjoyment and the services and society of her spouse, which are guaranteed to plaintiff under the laws in Constitution of the State of New York and can be adjudicated in this litigation under the court's supplementary jurisdiction.

95.     Defendants' conduct undermine Danielle McDonnell's liberty interest in preserving the integrity and stability of the marital relationship from intervention by the State without due process of law.

96.     By reason of the foregoing plaintiffs have been damaged in a sum not to exceed FIVE MILLION 00/100 ($5,000,000.00) DOLLARS plus attorney's fees authorized pursuant to Federal statute.

**WHEREFORE**, plaintiffs demand judgment against the defendants as follows:

a)      In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the First

18

Claim for Relief;

b)     In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the Second Claim for Relief;

c)     In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the Third Claim for Relief;

d)     In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the Fourth Claim for Relief;

e)     In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the Fifth Claim for Relief;

f)     In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the Sixth Claim for Relief;

g)     In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the Seventh Claim for Relief;

h)     In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the Eighth Claim for Relief;

i)     In the sum of FIVE MILLION 00/100 ($5,000,000.00) DOLLARS on the Ninth Claim for Relief;

c)     Punitive damages in the sum of FIVE MILLION and 00/100 ($5,000,000.00) DOLLARS; and

19

d)      Costs, disbursements and attorneys fees pursuant to 42 U.S.C. §1988.

Dated: Freeport, New York
       August 30, 2011

Yours etc.,

LAW OFFICES OF CIVARDI & OBIOL, P.C.

By: _____
       Stephen Civardi, Esq. (8376)
Attorneys for Plaintiffs
Freeport Legal Plaza
23 South Main Street Suite 30
Freeport, NY 11520
(516) 678-9797

JAMES McDONAUGH, ESQ.
Phillips Weiner Artura & Cox
165 South Wellwood Avenue
Lindenhurst, New York 11757

20

**LAW OFFICES OF CIVARDI & OBIOL, P.C.**
**Attorneys for Plaintiffs**
**23 South Main Street, Suite 30**
**Freeport, New York 11520**
**(516) 678-9797**


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------
ESTATE OF DANIEL McDONNELL, BY DANIELLE
McDONNELL, Administratrix, DEVON McDONNELL,
an infant by his mother and natural guardian,
DANIELLE McDONNELL and DANIELLE McDONNELL,
Individually,

                          Plaintiffs,

                -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT and MULTIPLE SUFFOLK
COUNTY POLICE OFFICERS WHOSE NAMES ARE
CURRENTLY UNKNOWN,
                      Defendants.

---------------------------------------------------------------------------

***JURY DEMAND***

        Plaintiffs, by their attorneys, the Law Offices of Civardi & Obiol, P.C., demand a trial by

jury of all issues so triable as of right.

Dated: Freeport, New York
         August 30, 2011

                              Yours etc.,

                              LAW OFFICES OF CIVARDI & OBIOL, P.C.

                              By: _____
                                  Stephen Civardi, Esq. (8376)
                              Freeport Legal Plaza
                              23 South Main Street Suite 30
                              Freeport, NY 11520
                              (516) 678-9797

*LAW OFFICES OF CIVARDI & OBIOL, P.C.*
*Attorneys for Plaintiffs*
*23 South Main Street, Suite 30*
*Freeport, New York 11520*
*(516) 678-9797*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
ESTATE OF DANIEL McDONNELL, BY DANIELLE
McDONNELL, Administratrix, DEVON McDONNELL,
an infant by his mother and natural guardian,
DANIELLE McDONNELL and DANIELLE McDONNELL,
Individually,

Plaintiffs,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT and MULTIPLE SUFFOLK
COUNTY POLICE OFFICERS WHOSE NAMES ARE
CURRENTLY UNKNOWN,

Defendants.

------------------------------------------------------------------------

## SUMMONS and COMPLAINT

*LAW OFFICES OF CIVARDI & OBIOL, P.C.*
*Attorneys for Plaintiffs*
*FREEPORT LEGAL PLAZA*
*23 SOUTH MAIN STREET, SUITE 30*
*FREEPORT, NEW YORK 11520*
*Telephone: (516) 678-9797*
*Facsimile:  (516) 678-2266*
