LAW OFFICES OF

# CIVARDI & OBIOL, P.C.

FREEPORT LEGAL PLAZA
23 SOUTH MAIN STREET
SUITE 30
FREEPORT, NEW YORK  11520

COUNSEL

STEPHEN CIVARDI
RICHARD C. OBIOL

Tel:  516-678-9797
       516-378-9797
Fax:  516-678-2266

ROBERT E. BAUMANN, JR.
MICHAEL A. ARBEIT
FRANK E. YANNELLI
JOHN P. GIANFORTUNE
WILLIAM F. CLAIR

Hon. Gary R. Brown
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

April 23, 2013

Re:   Estate of McDonnell v. County of Suffolk, et al.
      <u>Docket # CV-11-4221 (WFK) (GRB)</u>

Dear Judge Brown:

Please accept this correspondence as plaintiffs' response to the present letter motion of the defendant Suffolk County Police Department (SCPD) seeking a protective order pursuant to FRCP Rule 26(c)(1)(A) to avoid disclosure of the defendant's response to the Preliminary Report of the New York State Commission of Correction (the Commission) regarding plaintiffs' decedent's death.

As previously conferenced before this Honorable Court, the plaintiffs' decedent's death has been investigated pursuant to the mandates of New York State Correction Law § 45 which empowers the Commission to investigate and enforce "adherence to laws and regulations governing the rights of inmates." Defendant SCPD initially agreed to provide the report of the Commission pursuant to plaintiff's discovery request, however plaintiffs obtained the preliminary report prior to compliance. Plaintiffs then prospectively requested any response to the report the defendants may deem appropriate and the defendants objected. At conference the defendants were directed to provide their response to plaintiffs when it is filed, or move for protective order. It having come to the attention of the plaintiffs that response was filed, and in the absence of protective order, plaintiffs requested compliance from defendants. The present letter motion followed. Defendant SCPD now moves for protective order on the grounds of relevance and privilege.

Initially, it should be noted that the document sought is highly relevant to the instant action in that its subject is the very basis of this litigation. Moreover, admissibility is not the question on discovery, but rather whether the document will lead to the discovery of admissible evidence (FRCP Rule 26 (b)(1). Inarguably, it will. The defendant's relevance objection however is based not on the document sought, but the preliminary report which is already in the possession of the plaintiffs. Defendant's relevancy argument is twofold: that the preliminary report "is suggestive" of subsequent remedial

measures; and that the preliminary report "is based entirely on hearsay." Neither basis warrants a protective order.

Even if there were a suggestion of subsequent remedial measures, the document would not be wholly undiscoverable, but subject to objection or redaction at trial. Nevertheless, the preliminary report is clearly devoid of discussion of subsequent remedial measures, containing fifty-one paragraphs of purely factual findings and twelve recommendations that are overwhelmingly directed toward enforcement of existing law. For example, items recommended include: a criminal investigation into Daniel McDonnell's homicide; investigation and possible administrative action for at least three separate violations of 9 NYCRR 7500 et seq.; a review of "the cursory and incomplete homicide investigation into Daniel McDonnell's homicide"; mandates that the defendant "shall comply" with various laws; a review of the forensic investigation which was found to "incorrectly determine[]" Daniel McDonnell's cause of death; and a review of the "autopsy protocol performed on Daniel McDonnell to account for abundant physical evidence of compressive asphyxia as the cause of death." Clearly these items are evidence of negligence of culpable conduct and negligence (FRE 407). If anything, the Commission calls upon the municipal defendant to remediate the evidence it has manufactured relating to the decedent's homicide and presented in this case. In this regard, defendant's response will clearly bear on the content and efficacy of evidence that will be presented in this case and plaintiffs would be greatly prejudiced if it is withheld.

Defendant's relevancy objection based on hearsay in the preliminary report is equally misplaced. Again, while hearsay may not be admissible at trial, there is no prohibition to its discovery. Even if there were, defendants' contention is simply inaccurate. Contrary to defendant's argument that the Commission's preliminary report "is based entirely on hearsay," the report clearly refers to no less than twenty sworn depositions, seven signed supplementary reports identified by their authors, and three sworn affidavits. Not one single instance of hearsay is identified by defendants.

Likewise, the defendant's response is not protected by the deliberative process privilege. Defendants cite to Tigue v United States Department of Justice, 312 F.3d 70 (2d Cir. 2002) which involved the specific codification of this privilege within, and as it relates to the Freedom of Information Act. The Second Circuit specifically cautioned courts from using the standard set forth in Tigue by quoting a caveat issued by the D.C. Circuit :

> This discovery standard can only serve as a rough guide to the courts, since decisions as to discovery are usually based on a balancing of the relative need of the parties, and standards vary according to the kind of litigation involved. Furthermore the most fundamental discovery and evidentiary principle, relevance to the issues being litigated, plays no part in FOIA cases. (citations omitted).

Generally, the deliberative process privilege (a variety of work product privilege) may protect documents comprising part of a process by which governmental decisions and

polies are formulated, when they are inter- or intra-agency, predecisional and deliberative. Id (citations omitted).  While each element is required, none apply here.

Addressing first the applicability of the privilege in general, it is misplaced in this action, as the Commission is not engaging in governmental decision making or policy formulation, but rather enforcement.  Absolutely none of the purposes of the privilege set forth in Tigue or the cases it cites would be served by application herein.  Id at 76.

In regard to the specific elements, they are not satisfied.  The document sought is not intra-agency as argued by defendants (defined as documents which remain within a single agency).  Id at 77.  The document is also not inter-agency as it is not between two agencies of the County of Suffolk.  The Second Circuit in Tigue stated that unless the document was between the IRS and another agency of the **federal** government, it would not qualify as inter-agency (77), however since the other entity was a consultant of the IRS, hired to assist in policy reform, it was considered an agency of the federal government.  Here, no such consultation or agency agreement can be inferred, this is a superior level of government enforcing the law upon another.

Similarly, the response is not "predecisional" as defined by the privilege.  It should be noted that nowhere within the preliminary report does the Commission solicit amendments as suggested by defendants.  In either event the predecisional element is not met.  "The privilege does not protect a document which is merely peripheral to actual policy formation." Id at 80 (citations omitted).  Here, policy has been set by law and regulation and the Commission is engaged in compliance and enforcement.  As such defendant SCPD has not shown the reply is predecisional and the privilege is inapplicable.

Also, the response would not be covered by the privilege because it is not "deliberative." Defendant SCPD argues that because the report "is critical of the actions of the Department" the process in preparing the response was deliberative.  This does not satisfy the element.  In order to satisfy the deliberative element, the document must be "actually . . . related to the process by which policies are formed." National Council of La Raza v Department of Justice, 411 F.3d 350 (2d Cir. 2005).  Defendant SCPD does not argue at anywhere in its motion that its response has anything to do whatsoever with policy formation.

Accordingly, the plaintiffs most respectfully request that the Court deny defendants' motion and direct all defendants to comply with plaintiffs' demand for response to the Commission on Correction relating to the Matter of the Death of Daniel McDonnell.

Respectfully submitted,
CIVARDI & OBIOL, PC
Attorneys for Plaintiffs

Richard C. Obiol (0415)