UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ESTATE OF DANIEL MCDONNELL, *et al.*,

                       Plaintiffs,          **ORDER**
                                                          CV 11-4221 (WFK) (GRB)
    -against-

COUNTY OF SUFFOLK, *et al.*,

                       Defendants.

-------------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

       This action concerns the conduct of the Suffolk County Police Department and numerous individual officers ("defendants") during the overnight detention of one Daniel McDonnell ("McDonnell"), whose estate and family members (collectively "plaintiffs") bring this action. Defendants allegedly prevented McDonnell's relatives from delivering medication for his bipolar disorder and heart condition while McDonnell was in custody. McDonnell's mental state allegedly deteriorated over the eighteen hours he was held in jail. Plaintiffs allege that, at some point the morning after McDonnell's arrest, defendants forcibly restrained McDonnell and two defendants deployed Tasers. McDonnell died in police custody. *See generally* Amended Complaint, Mar. 19, 2012, DE [10].

       The New York State Commission of Correction ("Commission") is conducting a review of the above allegations, and invited the Suffolk County Police Department to respond to the Commission's preliminary findings. Letter Motion for a Protective Order 1, Apr. 22, 2013, DE [22]. Plaintiffs sought production of the County's written response to the Commission ("County's Response"), and defendants sought an order of protection. *Id.* While that motion

was pending, plaintiffs filed a motion to compel, attaching a copy of the County's Response. Motion to Compel, Apr. 29, 2013, DE [24]. Defendants object to the publication of the County's Response, and seeks to have the document sealed. Letter Motion to Seal Document, DE [25]. Plaintiffs also requested that the document be sealed. Motion to Seal, DE [26]. For the reasons set forth herein, both motions to seal are DENIED. In addition, plaintiffs' subsequent acquisition of the County's Response renders the motion for a protective order moot.

Plaintiffs publicly filed the County's Response, and that document cannot now be sealed. The Second Circuit has made clear that party filings, once made public, cannot be restored to confidential status:

> We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again. The genie is out of the bottle . . . [w]e have not the means to put the genie back.

*Gambale v. Deutsche Bank AG*, 377 F.3d 133, 134 (2d Cir. 2004). The court emphasized that this is true "whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb." *Id.*

As such, this Court has no power to seal records that have been made public, and the motions to seal must be DENIED. Whereas plaintiffs have acquired the County's Response from the Commission, defendants' motion for a protective order is DENIED as moot.

Dated: Central Islip, New York
May 2, 2013

                                                      /s/ Gary R. Brown
                                                      United States Magistrate Judge