April 16, 2014

Hon. Gary R. Brown
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  Estate of McDonnell v. County of Suffolk, et al.
     Docket # CV-11-4221 (WFK)(GRB)

Dear Judge Brown:

The County defendants submit this letter in response to the plaintiff's "motion for disclosure" dated April 15, 2014.  The defendants do not object to the Court conducting a conference regarding the issues in the plaintiff's correspondence, however, we believe that based upon the following a conference is unnecessary.

The basis for most of the plaintiff's concerns surrounds the recent production of the completed Suffolk County Internal Affairs report relating to the events underlying the claim.  As your Honor is aware, the defendants have represented throughout this litigation that once the Internal Affairs report was completed it would be provided to the plaintiff forthwith.  The Court has also recognized that the Office of the County Attorney does not have the authority to direct the Police Department to conclude the report by a designated date.  I received the completed Internal Affairs report late on the afternoon of April 9, 2014.  I immediately advised plaintiff that a copy of the report would be mailed out the following morning via overnight delivery.  This was done and the plaintiff should have received the report on April 11, 2014.

Regarding plaintiff's claims that information regarding material facts and witnesses has been withheld, the defendants respectfully disagree.  The plaintiff notes that the completed Internal Affairs report includes an initial report of investigation conducted by Sergeant Christopher Love.  As the defendants have explained previously, an Internal Affairs investigative report is not considered complete until it has been reviewed through a chain of command up to the office of the Commissioner.  Sergeant Love's initial report was not considered complete and accordingly was not subject to disclosure.  Indeed, subsequent to that portion of the investigation, further investigation was conducted and a final report was issued.

Further, while counsel for the plaintiff and I have had numerous conversations regarding the status and production of the report, at no time did I ever indicate to counsel what the findings of that report would include. In fact I was not aware of the conclusions reached until the final report was delivered to my office.

Additionally, while I may have represented to counsel that the investigation of the events of the claim was conducted by the Suffolk County Police Homicide Bureau, I never represented that the Internal Affairs Bureau would not conduct a separate investigation. Nor did I "actively deny" the presence of Internal Affairs personnel being present at the precinct on the date of the event. The names of Lieutenant Kenneally and Sergeant Love appear on the Scene Log of the event and indicates their presence. Further, since speaking to Mr. Civardi regarding his concerns I have spoken to Sergeant Love and he indicated that neither he nor Lieutenant Kenneally took any investigative steps while at the precinct that day. They interviewed no witnesses and took no statements.

Notwithstanding, I have advised counsel for the plaintiff's that I do not object to them conducting depositions of the Internal Affairs officers even though it is the position of the defendants that any information they may have would by necessity be based upon hearsay and their conclusions, if any, would not be relevant to the claim.

The plaintiff also claims that documents relating to the report or attachments to the report were not provided in a timely fashion. This is incorrect. After the last conference with the Court, the defendants provided the plaintiff with a list of attachments to the original report as well as a list for the subsequent investigation. Most of the documents on those lists had been previously provided to the plaintiff. Any documents on those lists that were part of the subsequent investigation and not previously disclosed were also provided. The final report of the New York State Commission of Corrections was not provided as it was the defendants understanding that the plaintiff was already in possession of that document. At no time did the plaintiff represent to the defendants that the copy of the report they received directly from the Commission was redacted. Nor did they inquire whether the copy attached to the Internal Affairs report was redacted. Had they done so, a copy of the un-redacted would have been given to them.

As mentioned above, the defendants do not object to the plaintiff conducting depositions of Sergeant Love, Lieutenant Kenneally or Inspector Caldarelli, notwithstanding the defendants position that their testimony would most likely be inadmissible at trial. We recognize the impending date of the trial and will work in good faith with the plaintiff to schedule those depositions as soon as practical.

Based on the above, while the defendants do not object to the Court conducting a

conference regarding the issues in the plaintiff's correspondence, we respectfully submit that a conference is unnecessary.

Respectfully submitted,

DENNIS M. BROWN
Suffolk County Attorney

_____

Brian C. Mitchell
Assistant County Attorney

CC: Stephen Civardi, Esq. (via ECF)
    Richard Obiol, Esq. (via ECF)