LAW OFFICES OF

# CIVARDI & OBIOL, P.C.

FREEPORT LEGAL PLAZA
23 SOUTH MAIN STREET
SUITE 30
FREEPORT, NEW YORK   11520

**COUNSEL**

| | |
|---|---|
| STEPHEN CIVARDI | ROBERT E. BAUMANN, JR. |
| RICHARD C. OBIOL       Tel:  516-678-9797 | MICHAEL A. ARBEIT |
| 516-378-9797 | FRANK E. YANNELLI |
| Fax:  516-678-2266 | JOHN P. GIANFORTUNE |
| | WILLIAM F. CLAIR |

**(VIA ECF)**

May 2, 2014

UNITED STATES MAGISTRATE
GARY R. BROWN
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014
Courtroom: 840

Re:   *Letter Motion- CV #: 04221*
*Estate of Daniel McDonnell, by Danielle McDonnell, Administratrix, Devon McDonnell, an infant by his mother and natural guardian, Danielle McDonnell, and Danielle McDonnell, Individually v. County of Suffolk, et al.*

Dear Magistrate Brown:

We are the attorneys for the Plaintiffs in the above Civil Rights and wrongful death matter.  We write in Reply to the Partial Opposition of Defendants' to Plaintiffs' present motion for discovery.

The Defendants initially state that the Plaintiffs' representation of this Court's Order of January 15, 2014 is somehow incorrect.  The Order is clear and quoted correctly as cited in Plaintiffs' motion:

> As stated on the record and on consent, it is hereby ORDERED that the County and more specifically, the Suffolk County Police Department through the County Attorney is directed to provide the plaintiffs' counsel with **any documents, memoranda, reports or other factual material obtained or maintained by Internal Affairs** in connection with its investigation of this matter and in anticipation the issuance of an Internal

>Affair report.  Said materials shall be reproduced and **provided forthwith** and shall not await the issuance of the Internal Affairs report.

It has come to our attention that several documents were concealed.  They were not withheld on the basis of privilege, but concealed.  Now that they have been revealed, they must be provided.

Clearly, the documents within the Exhibit to the motion are "**documents, memoranda, reports or other factual material obtained or maintained by Internal Affairs.**"  The Order did not state "proposed attachments" as is read by Defendants.  Defendants' belated claim of privilege is belied by the fact that only they were in control of the documents they hid, and then omitted as attachments to their report.  The Order is clear and should be enforced, notwithstanding an obtuse, self-serving and counterintuitive interpretation of the Court's Order by Defendants.

Furthermore, any claim of privilege cannot be asserted following concealment and Order of the Court.  Had there been a true claim of privilege, it would have been asserted prior to the Court's Order, not after the concealment was revealed.

Moreover, deliberative process privilege is aimed at policy formation, not incident investigation and discipline.  <u>National Council of La Raza v Department of Justice</u>, 411 F.3d 350 (2d Cir 2005).

Accordingly, we respectfully request an Order enforcing this Honorable Court's prior Order and directing immediate exchange of the above referenced documents, granting Plaintiffs' permission to supplement the Pretrial Order as described above, and granting such other and further relief as the Court deems just and proper.

Sincerely yours,


Richard C. Obiol
RO/er

cc:  Brian Mitchell, Assistant Suffolk County Attorney