LAW OFFICES OF
# CIVARDI & OBIOL, P.C.
FREEPORT LEGAL PLAZA
23 SOUTH MAIN STREET
SUITE 30
FREEPORT, NEW YORK 11520

COUNSEL

| | |
|---|---|
| STEPHEN CIVARDI | ROBERT E. BAUMANN, JR. |
| RICHARD C. OBIOL | MICHAEL A. ARBEIT |
| | FRANK E. YANNELLI |
| | JOHN P. GIANFORTUNE |
| | WILLIAM F. CLAIR |

Tel: 516-678-9797
516-378-9797
Fax: 516-678-2266

(VIA ECF)
May 5, 2014

Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Estate of Daniel McDonnell, by Danielle McDonnell, Administratrix, Devon McDonnell, an infant by his mother and natural guardian, Danielle McDonnell, and Danielle McDonnell, Individually v. County of Suffolk, et al.*
Docket #: CV11-4221 (WFK)

Dear Judge Kuntz:

We are the attorneys for the plaintiffs in the above matter. Please accept this letter moving *in limine* to exclude prior bad act evidence amassed by the defendants following the death of plaintiffs' decedent. Both the Homicide Division, and the Internal Affairs Division of the Defendant, Suffolk County Police Department, in investigating this homicide, have focused not on investigating those who brought about the death, but rather on investigating the decedent. As a result, their findings focus not on how the death occurred, but rather on impermissible character evidence of the plaintiffs' decedent's previous history. These findings include allegations of prior drug use, allegations of prior uncharged crimes, and a prior anecdotal and disputed story of previous Herculean resistance of police action.

The germane evidence shows that at the time of the plaintiffs' decedent's arrest and confinement, he was polite, compliant, a gentleman and had no drugs or alcohol in his system. As such, evidence garnered by the defendants' homicide and internal affairs counter-investigations into the decedent's prior bad acts must be suppressed.

Rule 401 of the Federal Rules of Evidence provides:

> Relevant evidence means evidence having any tendency to make the existence of any material fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 excludes all evidence which is irrelevant. This Rule provides in pertinent part:

> Evidence which is not relevant is not admissible.

Here, there is no relevance in relation to the claimed prior bad acts. The plaintiffs' decedent was admittedly taken into custody completely sober and compliant. All of the prior bad acts evidence was garnered following the plaintiffs' decedent's death and can have no relevance to the issues of this matter. Furthermore, even if the defendants were able to point to some peg of relevancy, such evidence would be excluded on the basis of Rule 403 which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Rule 403 was intended to apply to prejudice from the deep tendency of human nature to punish, not because a party is culpable in the action, but rater, because he is a bad person and may as well be condemned now. United States v. Robinson, 544 F.2d 611 (2d Cir. 1976) on rehearing 560 F.2d 507, cert denied, 435 U.S. 905, 98 S. Ct. 1451.

Evidence will be considered prejudicial for the purposes of Rule 403 when it tends to have an adverse effect upon the [party], beyond proof of some adverse fact not in issue or exciting emotions against the [party]. United State v Figuerora, 618 F.2d 934 (2d Cir. 1980). It is undisputed that the plaintiffs' decedent was in all ways, compliant and deferent to the police actors when taken into custody and before he was denied his medication. There is no articulable justification for introduction of prior bad act evidence developed following his death.

Likewise, assuming the defendants were able to proffer some measure of relevance to this evidence, exclusion is warranted based upon considerations of confusion of the issues and misleading the jury. Where jurors could easily become confused and interchange evidence of malfeasance in on circumstance with culpable conduct in another, exclusion on the basis of Rule 403 is warranted. Hathaway v Coughlin, 99 F. 3d 550 (1996). Clearly, defendants intend to show that plaintiffs' decedent's prior acts, according to their own skewed investigation, justify their actions. Here, their investigation their completely counter to the uncontested factual evidence of what occurred at the time and place of this incident and would be entirely confusing and misleading to a jury.

Additionally, to try each of these claimed prior bad acts would require several mini trials to determine whether there is any semblance of veracity. Rule 403 excludes such evidence on this basis as well. In the context of Civil Rights litigation, it has been held that the potential delay from allowing a mini trial on the plaintiff's conduct would outweigh any likely probative value

that such inquiry would yield upon the issue of whether or not the plaintiff's rights were violated. United States v Schatzle, 901 F. 2d 252 (2d Cir. 1990).

Similarly, Rule 404(b) precludes evidence of the prior bad acts claimed against the decedent. Rule 404 (b) provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

Although Rule 404 (b) is most often applied in criminal cases, it applies in both criminal and civil actions. Huddleston v United States, 485 US 681, 108 S. Ct. 1496 (1988). This rule has been applied broadly in prevention of impermissible character evidence. See eg, Hynes v Coughlin, 79 F. 3d 285 (2d ;Cir. 1996) (Prisoner's disciplinary records constituted impermissible character evidence); Outley v New York, 837 F. 2d 587(2d Cir. 1988) (Civil Rights plaintiff's prior lawsuits impermissible character evidence).

In the present matter there is no articulable basis for this evidence within the permissible uses enumerated within the statute. Therefore, the aforementioned evidence must be excluded.

Finally, Rule 609 specifically excludes any mention of the above matters as the plaintiffs' decedent was never convicted of a felony, let alone a misdemeanor, or any crime involving dishonesty or a false statement. The tenor of the defendants' death investigation embodies the very reasons that the Federal Rules preclude the subject evidence: that the plaintiffs' decedent was in some way deserving of being killed in custody, completely distinct of any notion of law, order, or the value of human life.

Accordingly, the plaintiffs request an Order *in limine*, excluding any evidence of prior bad acts, authorizing redaction of exhibits to avoid improper evidence, and admonishing defendants against the introduction of improper evidence as outlined above.

Yours Etc.,

LAW OFFICES OF CIVARDI & OBIOL PC
By: Richard C. Obiol Esq.
Freeport Legal Plaza
23 South Main Street
Suite 30
Freeport, NY 11520
(516) 678-9797

cc: Brian Mitchell, Deputy County Attorney