UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ESTATE OF DANIEL MCDONNELL, BY
DANIELLE MCDONNELL, Administratrix,
DEVON MCDONNELL, an infant by his
mother and natural guardian, DANIELLE
MCDONNELL and DANIELLE
MCDONNELL, individually,

                        Plaintiff,

-against-

SGT. RICHARD BRESSINGHAM, SGT.
HENRY ARNOLD, SGT. FRANK
PAPPILLO, POLICE OFFICERS RICCARDO
MASCIO, JOHN McGLYNN, GREGORY
JUNGEN, ROBERT BODENMILLER,
CHRISTOPHER MILLS, ADAM
QUINONES, RUSS CAPRIA, DANE
FLYNN, MICHAEL MANNINO, PATRICK
AHEARN and ANDREW YOUNG and
LIEUTENANT WILLIAM SCRIMA,
INDIVIDUALLY AND IN THEIR
CAPACITIES AS SUFFOLK COUNTY
POLICE OFFICERS, COUNTY OF
SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT and MULTIPLE SUFFOLK
COUNTY POLICE OFFICERS WHOSE
NAMES ARE CURRENTLY
UNKNOWN,UFFOLK COUNTY, OFFICER
ARTURO SALAZAR, and OFFICER
RAPHAEL FRAGOLA, OFFICER JOHN
GRAZIANO and JOHN DOE OFFICERS #1-
3, et al.

                        Defendants.

**DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS**

CV 11-4221 (WFK)(GRB)

**Proposed Voir Dire Questions:**

1. Have you or any members of your family or close friends ever sued or commenced an action to recover for personal injuries or for a violation of civil rights?

2. Have you or any member of your family or close friends ever sued or been sued by a municipality?

3. Have you or any member of your family or any close friend ever been arrested or convicted of a crime or interested in the outcome of a criminal case?

4. Have you or any member of your family or any close friend ever been incarcerated in a jail or state facility?

5. Some of the witnesses in this case are police officers. Their testimony may differ substantially from some of the testimony given by the plaintiff or their witnesses. If such differences were apparent to you, would you give greater credibility, less credibility or the same credibility to the version of the facts as gleaned from the testimony of the officers because of their status as police officers?

6. Have you or any members of your family or close friends ever been involved in an interaction with a law enforcement officer where you or they felt that they were mistreated in any fashion?

7. Have you ever received even so much as a traffic ticket which you felt was undeserved and which might have a bearing on the way you feel about police officers and/or their testimony?

8. Do you feel that the fact that the plaintiffs hired a lawyer and brought a law-suit means that their claims are valid or that the filing of the lawsuit entitles them to recover some money damages?

9. Do you understand that under our civil system of justice, anyone can sue anyone for virtually any claim they wish, regardless of whether it is ultimately proven in court?

10. Have you or any members of your family or close friends ever experienced mental illness or been diagnosed with a mental illness or bi-polar disorder?

11 You will learn in this trial that the plaintiff's decedent Daniel McDonnell died while being held at the Suffolk County Police Department First Precinct. Will the fact that Mr. McDonnell died while in police custody cause you to conclude that the defendants acted improperly without more?

12. Will the fact that Mr. McDonnell died while in police custody cause you to conclude that his estate should be given a sum of money regardless of whether they prove that these defendants are liable in accordance with the Court's instructions?

13. Do you understand that the plaintiff is required to do more than merely accuse the defendants of wrongdoing and that he must prove each and every element of his claim by a fair preponderance of credible evidence? Can you accept and comply with this requirement even though you may disagree with it?

14. Will you listen to the evidence in the trial and apply the law as the Court instructs you as to the law, even if you do not agree with the law, and render a decision solely on the facts as developed at trial and in accordance with the law as instructed by the Court?

15. Can you agree that you will wait to hear all of the evidence before deliberating in accordance with the Court's instructions and refrain from forming any opinions until you have heard all of the evidence?

16. Can you agree to return a verdict for the defendants in total if the facts and law warrant such a verdict, even though that means that the plaintiff will not receive any money?

17. Will you listen to the evidence in the trial and apply the law as the court instructs you, even if you do not agree with the law, and render a decision solely on the facts as developed at trial and in accordance with the law as instructed by the Court?

18. If the facts as elicited at the trial do not warrant a finding for the plaintiff on any of the claims asserted by them, would you have any difficulty in rendering a verdict in favor of the defendants on all of the claims and not awarding the plaintiff any money at all?

19. If you were selected as a juror in this case, do you know of any reason why you could not sit as an impartial juror?

Dated: Hauppauge, New York  
      May 11, 2014

Yours, etc.

DENNIS M. BROWN  
SUFFOLK COUNTY ATTORNEY  
Attorney for Defendants  
H. Lee Dennison Building  
100 Veterans Memorial Highway  
P.O. Box 6100  
Hauppauge, New York 11788-0099

By: _____  
Brian C. Mitchell  
Assistant County Attorney