May 14, 2014

Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Estate of McDonnell v. County of Suffolk, et al.
 Docket # CV-11-4221 (WFK)(GRB)

Dear Judge Kuntz:

As the Court is aware, this case is scheduled to proceed to trial on May 19, 2014. The defendants submit this letter motion *in limine* seeking to exclude the introduction of evidence by the plaintiff of a report issued by the New York State Commission on Corrections concerning the underlying events that gave rise to the above referenced claim. The defendants further seek to exclude the introduction by the plaintiff of the Suffolk County Internal Affairs Report of findings relating to the claim, and to preclude the testimony of the investigators that compiled the report, Suffolk County Police Inspector Michael Calderelli and Suffolk County Police Sergeant Christopher Love. [1]

The defendants object to the introduction of the report of the State Commission on the grounds of relevance pursuant to Federal Rules of Evidence 402, hearsay pursuant to F.RE. Rule 803(8)(B) and on the grounds that it is suggestive of subsequent remedial measures that should be taken by the Suffolk County Police Department pursuant to FR.E. 407. We object to the introduction of the Suffolk County Internal Affairs report and/or the testimony of the investigators who compiled the report on the same grounds.

The plaintiff has indicated in the pre-trial report and more recently through communications with the undersigned his desire to introduce into evidence the report of the State Commission and the Suffolk Internal Affairs Report. He has also requested to call to the stand the Suffolk County Police Department investigators that compiled the Internal Affairs Report. The defendants noted their objection to the State Commission report in the pre-trial order.

---

[1] As the reports contain confidential information and have been exchanged pursuant to a confidentiality order, copies of the report are not being posted on the ECF system. A hard copy of each report is being provided to Chambers via overnight mail with the courtesy copy of this letter.

In its report, the State Commission on Corrections makes findings which direct the Suffolk County Police Department to take certain actions which can be properly characterized as subsequent remedial measures. Federal Rules of Evidence 407 states:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

While Rule 407 does not necessarily bar evidence of subsequent remedial measures by non-defendants, *see, Lion Oil Trading & Transp., Inc. v. Statoil Marking and Trading (US) Inc.,* 2011 WL 855876, at *7 (S.D.N.Y. Feb. 28, 2011); *Schafer v. Board of Co-op. Educational Services of Nassau County,* 2012 WL 5547319 at *1 (E.D.N.Y.,2012); the changes suggested in the State Commission's report are directed at the Suffolk County Police Department with the intent that the Department make those changes. The findings and conclusions in the report with a direction toward the County are tantamount to changes made by the County.

The Courts in this circuit have found that evidence of a municipal entity's changes to its policies constitutes "subsequent remedial measures" within the meaning of Rule 407. *Hamilton v. City of New York,* 627 F.3d 50, 53 (2d Cir.2010) (Second Circuit ruled that the district court properly excluded evidence showing that the city employer changed its promotion policy after plaintiff challenged the city's decision with respect to his promotion, holding that such evidence "plainly runs afoul of Rule 407); *Peck v. Hudson City School District,* 100 F.Supp.2d 118, 122 (N.D.N.Y.2000) (District Court granted a motion *in limine* in a Title VII case, excluding evidence of changes in a school's sexual harassment policy subsequent to the filing of the plaintiff's complaint). Moreover, Rule 407 applies to § 1983 actions. See, *Eng v. Scully,* 146 F.R.D. 74 (1993) (the court held that Rule 407 applies to evidence of the Department of Corrections' changes in inmate handling procedures after the incident complained of and that such evidence was only admissible for impeachment or rebuttal purposes); see also, *Schafer v. Board of Co-op. Educational Services of Nassau County* 2012 WL 5547319 (E.D.N.Y.,2012).

The findings in the Suffolk County Internal Affairs Report are also evidence of "subsequent remedial measures" per Rule 407. The report specifically refers to suggested changes that could be made to department Rules and Procedures and incorporates the report of the State Commission as an exhibit. As both reports are clearly evidence of subsequent remedial measures the plaintiff should be precluded from introducing them into evidence. He should be further precluded from simply introducing the same evidence through the testimony of the Internal Affairs investigators.

Both reports should also be excluded on the grounds of hearsay. That both reports were the result of investigations occurring after the events of the claim they are by necessity based completely upon information outside the personal knowledge of the persons

compiling the reports. To the extent that the plaintiff would argue that the reports are admissible pursuant to F.R.E 803(8), the defendants respectfully submit that the State Commission report is unreliable and lacks sufficient trustworthiness and would be excluded per F.R.E 803 (8)(B). The report of the State Commission relies heavily upon sworn statements of two prisoners who were present during the events of the claim. These statements, taken by plaintiff's counsel, are inconsistent with sworn statements given by these same witnesses to Suffolk Police Homicide detectives. Additionally, it can be extrinsically proven that one of the witnesses, Peter Pizzola could not have observed what he claims to have seen as he was housed in a cell separated by a cinder block wall from the area where the events of the claim took place. Such a report, lacking in sufficient trustworthiness, even in its final form should be inadmissible at trial under Rule 803(8)(B). *See, Beach Aircraft Corp. v. Rainey*, 488 U.S. 153; *Eng v. Scully*, 146 F.R.D. 74, (S.D.N.Y. 1993). The Suffolk County Internal Affairs Report, while not lacking in trustworthiness in the methods used to create the report, none the less incorporates the State Commission Report as an exhibit, and extensively sites to the State report in examining what remedial measures the Department may wish to pursue. Both reports should be excluded as inadmissible hearsay.

The defendants also submit that both reports should be excluded on the grounds of relevance pursuant to F.R.E. 402. As mentioned above, the content and findings of both reports is based entirely upon hearsay, much of which includes statements of witnesses who will testify at trial. There can be no relevant purpose at trial for the introduction of reports which were written subsequent to the events of the claim other than an attempt to establish culpable conduct on the part of the defendants, which as noted above is prohibited by Rule 407.

Lastly, even if the Court were to determine that there was some relevance to the introduction of the reports, the defendants respectfully submit that they should be excluded on Rule 403 grounds as whatever probative value they may have is heavily outweighed by the prejudice to the defendants. See, *Paolitto v. John Brown E & C Inc.* 151 F.3d 60 (2d Cir. 1998); *Hall v. W.Prod Co*. 988 F.2d 1050 (10th Cir. 1993) (where Court found that only purpose to be served by admitting an agency report into evidence would be to suggest to the jury that it should reach the same conclusion as the agency). Clearly, to permit the introduction of either report would have the prejudicial effect of the jury considering a standard of conduct other than that which is required by the law applicable to this case. Accordingly, even if it is determined that the reports have some evidentiary value, their introduction would result in unfair prejudice to the individual defendants and they should be excluded on F.R.E. 403 grounds.

Based upon the foregoing, the defendants respectfully request that plaintiff be prohibited from introducing into evidence the reports issued by the New York State Commission on Corrections or by the Suffolk County Internal Affairs Bureau concerning the underlying

events that gave rise to the claim.

Respectfully submitted,

DENNIS M. BROWN
Suffolk County Attorney

_____
Brian C. Mitchell
Assistant County Attorney

cc: Stephen Civardi, Esq. (via ECF)