LAW OFFICES OF

# CIVARDI & OBIOL, P.C.

FREEPORT LEGAL PLAZA
23 SOUTH MAIN STREET
SUITE 30
FREEPORT, NEW YORK 11520

COUNSEL

STEPHEN CIVARDI     ROBERT E. BAUMANN, JR.
RICHARD C. OBIOL     Tel: 516-678-9797     MICHAEL A. ARBEIT
516-378-9797     FRANK E. YANNELLI
Fax: 516-678-2266     JOHN P. GIANFORTUNE
WILLIAM F. CLAIR

Hon. William F. Kuntz, II     May 17, 2014
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Estate of Daniel McDonnell, by Danielle McDonnell, Administratrix, Devon McDonnell, an infant by his mother and natural guardian, Danielle McDonnell, and Danielle McDonnell, Individually v. County of Suffolk, et al.*
Docket #: CV11-4221 (WFK)

Dear Judge Kuntz:

We are the attorneys for the plaintiffs in the above matter. Please accept this correspondence in opposition to Defendants' present motion *in limine* filed on May 15, 2014. Both the frivolity and the timing of the present motion indicate that it is nothing more than a dilatory pretrial tactic. Initially we note that this motion was filed on the eve of trial less than two business days prior to commencement and should be denied out of hand. As to the merits of the motion, it is respectfully asserted that the same result should be reached.

The Defendants first object to the introduction of the report of the State Commission on Corrections on the grounds it is "suggestive of" subsequent remedial measures. Defendants state that they noted their objections to this report when Pretrial Order was filed over one year ago. The only objections noted therein are hearsay and relevance. No objection based upon subsequent remedial measures was lodged. Nevertheless, the State Commission on Corrections is a completely separate entity, and as defendants note in their motion, FRE 407 does not bar evidence of subsequent remedial measures by non-defendants.

Furthermore, the Commission is formed pursuant to the mandates of New York State Correction Law § 45 which empowers the Commission to investigate and enforce "adherence to laws and regulations governing the rights of inmates." The report is clearly devoid of discussion of subsequent remedial measures, containing fifty-one paragraphs of purely factual findings and

twelve recommendations that are overwhelmingly directed toward enforcement of existing law. For example, items recommended include: a criminal investigation into Daniel McDonnell's homicide; investigation and possible administrative action for at least three separate violations of 9 NYCRR 7500 et seq.; a review of "the cursory and incomplete homicide investigation into Daniel McDonnell's homicide"; mandates that the defendant "shall comply" with various laws; a review of the forensic investigation which was found to "incorrectly determine[]" Daniel McDonnell's cause of death; and a review of the "autopsy protocol performed on Daniel McDonnell to account for abundant physical evidence of compressive asphyxia as the cause of death."

Likewise, as to the Internal Affairs report, no objection of subsequent remedial measures was previously made. Furthermore, the report and other evidence developed by Internal Affairs has been withheld for months and years in contravention of the Magistrate's Orders and was only received approximately one week ago. Once again however, the report does not contain evidence of subsequent remedial measures, but rather the Internal Affairs investigation initiated in response to the Notice of Claim in this action and the report of the NYS Commission on Corrections. It contains the results of IA's investigation, and classifies the allegations against the defendants as "substantiated" or "unsubstantiated." Of the twelve page report, the only item which comes anywhere near what may be classified as a subsequent remedial measure is the very last sentence, and that sentence is better described as ratification of the individual Defendants' acts than remediation.

As to the hearsay objections, as Defendants note, FRE 803 (8) provides a clear hearsay exception. In regard to this exception, the Defendants also concede that the IA report has the sufficient trustworthiness under the rule. The sole argument against admissibility on hearsay is leveled against the State Commission report as lacking trustworthiness because the report "relies heavily upon the sworn statements of two prisoners . . .". This claim borders the outrageous. The approximately seventy-two paragraph report contains two paragraphs, one each recounting the sworn affidavits of two pretrial detainees, the remainder is all information provided through the defendants' statements, records and depositions. There is no indication the Commission relied on these two affidavits at all, let alone heavily. Moreover, there is no indication these affidavits are any less trustworthy than those of the defendants. Most interestingly, Defendants have neither listed these two detainees as witnesses, nor subpoenaed them, to test the trustworthiness of their affidavits in Court. The Plaintiffs however, have both noticed and subpoenaed them, affording the Defendants the opportunity to cross examine as to their veracity. As such, Defendants' objection, while baseless to begin with, is moot in any event.

Defendants' final objection is to relevance. These reports go to the very claims and defenses in this matter. They contain admissions of fact and claims that the Defendants have continued to deny since every material fact and allegation in the Complaint was denied by each and every Defendant to the present. The evidence contradicts each Defendant's contention that their actions were in strict compliance with procedure and law. It contains evidence of a failure to discipline (see especially, second to the last sentence of the IA report), ratification and a complete deliberate indifference to Civil Rights in the Defendants' policies. At the very least, the reports contain findings of, and admissions of violations of regulations, which are some evidence of negligence. <u>Cappellini v McCabe Powers Body Co</u>, 713 F.2d 1 (2d Cir. 1983).

Accordingly, it is most respectfully requested that Defendants' motion *in limine* be denied in its entirety.

Respectfully submitted,

LAW OFFICES OF CIVARDI & OBIOL PC
By: Richard C. Obiol Esq.
Freeport Legal Plaza
23 South Main Street
Suite 30
Freeport, NY 11520
(516) 678-9797

cc: Brian Mitchell, Deputy County Attorney