UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ESTATE OF DANIEL MCDONNELL, BY
DANIELLE MCDONNELL, Administratrix,
DEVON MCDONNELL, an infant by his mother
and natural guardian, DANIELLE MCDONNELL
and DANIELLE MCDONNELL, individually,

     Plaintiffs,       **REPORT AND**
                    **RECOMMENDATION**
  -against-          CV 11-4221 (WFK) (GRB)

SGT. RICHARD BRESSINGHAM, SGT. HENRY
ARNOLD, SGT. FRANK PAPPILLO, POLICE
OFFICERS RICCARDO MASCIO, JOHN McGLYNN,
GREGORY JUNGEN, ROBERT BODENMILLER,
CHRISTOPHER MILLS, ADAM QUINONES,
RUSS CAPRIA, DANE FLYNN, MICHAEL
MANNINO, PATRICK AHEARN and ANDREW
YOUNG and LIEUTENANT WILLIAM SCRIMA,
INDIVIDUALLY AND IN THEIR CAPACITIES AS
SUFFOLK COUNTY POLICE OFFICERS, COUNTY
OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT and MULTIPLE SUFFOLK COUNTY
POLICE OFFICERS WHOSE NAMES ARE CURRENTLY
UNKNOWN

     Defendants.
----------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

  Plaintiffs, the Estate of Daniel McDonnell, Danielle McDonnell, individually and as administratrix of the estate, and infant plaintiff Devon McDonnell,[1] brought this action seeking damages based upon the death of Daniel McDonnell while in police custody. The complaint alleges, *inter alia*, that officers failed to deliver medication to McDonnell, who suffered from

---

[1] Actions brought in the name of the minor should ordinarily identify the minor only by his initials. Fed. R. Civ. P. 5.2(a), but since the complaint was filed using the infant plaintiff's name, the Court will follow suit. *See* Fed. R. Civ. P. 5.2(h) ("A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.").

1

bipolar disorder and a heart ailment, used excessive force against him while trying to restrain him, and failed to provide appropriate medical care to McDonnell after he was injured, ultimately resulting in his death. Am. Compl. ¶¶ 21-73, Docket Entry ("DE") [10]. The case proceeded to trial for two days, at which point the parties reached a settlement in principle. Plaintiffs then filed a motion for approval of an infant compromise, DE [57], which motion was referred to the undersigned for Report and Recommendation by the Honorable William F. Kuntz. DE [58]. For the reasons stated herein, the undersigned recommends that the motion to approve the proposed infant compromise be GRANTED.

**The Infant Compromise**

On September 24, 2014, plaintiff Danielle McDonnell, the mother of the infant plaintiff Devon McDonnell and the administratrix of the Estate of Daniel McDonnell, filed a motion for approval of infant compromise, along with various exhibits. DE [57]. Plaintiffs' motion papers set forth a proposed settlement of $2.25 million, which would be distributed as follows: An initial $54,351.61 would be paid to the law offices of Civardi & Obiol, P.C. as reimbursement for disbursements and expenses, which the plaintiffs have itemized in Exhibit D. DE [57] Ex. D. Thirty-three and one third percent of the balance of the settlement, totaling $731,882.00, would be paid to Civardi & Obiol, P.C. as attorneys' fees. DE [57].

According to the retainer agreement set forth between plaintiffs' and plaintiffs' attorneys, the plaintiffs agreed to pay their attorneys "[t]hirty-three and one-third (33 1/3%) percent of the sum recovered; whether by suit, settlement or otherwise plus any statutory fees pursuant to USC 42 § 1988." *Id.* Ex. A. The Retainer Agreement also explicitly sets forth that the percentage would be computed after expenses. *Id.*

Pursuant to the proposal, the first $50,000 and one half of the residual estate, totaling $756,882.80, would be paid to Danielle McDonnell – McDonnell's spouse – pursuant to New York Estates Powers and Trusts Law § 4-1.1(a)(1). *Id.* The balance of the remaining estate, totaling $706,882.80 would be paid to the infant plaintiff in a guaranteed structured settlement. *Id.*

The terms of the structured settlement are as follows: the infant plaintiff will receive a payment of $2,500 per month, guaranteed ten years beginning at age 22 from January 19, 2024 to December 19, 2033; and the following guaranteed lump sum payments: $15,000 at age 22 on January 19, 2024; $70,000 payable at age 25 on January 19, 2027; and $80,000 payable at age 30 on January 19, 2032. Finally, the infant plaintiff will receive a payment of $3225.10 per month beginning at age 30 on January 19, 2032 through December 19, 2061.[2] *Id.* The undersigned held an infant compromise hearing on October 1, 2014. Minute Entry dated October 1, 2014. Danielle McDonnell, the infant plaintiff's mother, indicated her approval of the terms of the proposed settlement, and proposed distribution in her motion and on the record before this Court. *Id.*

McDonnell died intestate. Since Daniel McDonnell was not employed prior to and at the time of his death, the entire proposed settlement would be attributed to pain and suffering.

According to the transcript of the proceedings before Judge Kuntz, the settlement was subject to the approval of the Suffolk County Legislature. As of the date of the motion, the Legislature has approved the settlement, and defendants are prepared to disburse settlement drafts. DE [57]. Plaintiffs' attorney has filed an Declaration in Support of the Compromise

---

[2] These payments may fluctuate slightly based upon rates in effect at the time the settlement is funded.

Petition stating "[t]he undersigned has neither directly nor indirectly become concerned in this settlement at the instance of any opposing or adverse party, nor received nor expects to receive any compensation from such party." *Id.*

## DISCUSSION

### A. Legal Standard

Before settling an action by or on behalf of a minor, the parties must seek approval of the Court, which must be embodied in an order, judgment or decree. *See* Local Civ. R. 83.2. Courts are directed to conform the infant compromise proceedings as nearly as possible to New York State statutes and rules; although the Court is authorized to dispense with the New York state requirements "for cause shown." *Id.*; *see also Neilson v. Colgate–Palmolive Co.*, 199 F.3d 642, 655 (2d Cir.1999) ("Rule 83.2 is hardly a rigid obligation imposed on district courts."). The New York procedures for settling a case on behalf of an infant are set forth in N.Y. C.P.L.R. § 1208. That statute requires the infant's representative and attorney to make representations to the Court concerning, *inter alia*, the terms of the settlement, the circumstances giving rise to the action or claim, the extent of the damages sustained by the infant as documented in medical or hospital records, and reasons for recommending the settlement. *See* N.Y. C.P.L.R. § 1208 (McKinney 1997).

The Court may only grant leave to settle a minor's claim where the proposed settlement is "fair, reasonable, and adequate, [ ] comparing the terms of the compromise with the likely rewards of litigation." *Neilson*, 199 F.3d at 654 (citation omitted); *see also Desmoulins v. City of New York*, 394 Fed. App'x 785, 786 (2d Cir. 2010) (quoting *Neilson*, 199 F.3d at 654).

This obligation is founded on the long-standing principle that such parties "are wards of [the] court." *Neilson*, 199 F.3d at 654. The Court's fairness inquiry is limited: it need not decide

4

the merits of the case or resolve unsettled legal questions. *See Jurdine v. City of New York*, No. 07–CV–2915, 2008 U.S. Dist. LEXIS 119113, at *8 (E.D.N.Y. Mar. 12, 2008) (citing *In re McDonnell Douglas Equip. Leasing Sec. Litig*, 838 F.Supp. 729, 739 (S.D.N.Y.1993)).

A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently. *Mattingly*, 2007 U.S. Dist. LEXIS 59541, at *4; *Orlandi*, 2011 U.S. Dist. LEXIS 99484, at *7. Other factors considered in assessing the fairness of a settlement include the complexity, expense and likely duration of the litigation, the litigation risks as to issues of both liability and damages, and the defendants' ability to withstand a greater judgment. *See Jurdine*, 2008 U.S. Dist. LEXIS 119113, at *8 (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974)). Courts also give deference to the parent or legal guardian's view that a proposed settlement is fair for the minor litigant. *See, e.g.*, *id.* at *8–9 (citing *Sabater v. Lead Indus. Ass'n*, No. 00 Civ. 8026, 2001 U.S. Dist. LEXIS 14758, at *3–4 (S.D.N.Y. Sept. 21, 2001)); *Camac v. Long Beach City Sch. Dist.*, CV 09-5309 MLB GRB, 2012 WL 3277228 (E.D.N.Y. July 25, 2012), *report and recommendation adopted*, 09-CV-5309 MKB, 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013).

### B. Application

Here, there is a strong presumption that the proposed settlement is fair and reasonable. First, the proposed settlement is not collusive, and was reached after arm's length negotiation. The Declaration by the plaintiffs' attorney establishes that he will not receive compensation beyond the retainer agreement, and the figures for the structured settlement appear to be set at a reasonable rate of return given current market conditions. Second, plaintiffs' attorneys have

extensive experience representing plaintiffs in civil rights cases, going back to as early as 1978. Minute Entry dated October 22, 2014. Third, discovery was completed under the supervision of the undersigned, and the case was prepared for trial. Fourth, Danielle McDonnell, the mother of the infant plaintiff, has stated in her motion, and on the record on October 1, 2014, that she approves of the terms of the proposed settlement and distribution, to which this Court accords substantial deference.

Considering the risks and likely rewards from trial in this case, a settlement of $2.25 million settlement seems fair and reasonable.

### C. Attorneys' Fees and Expenses

"With respect to any request for attorney's fees in the context of an infant's settlement, the Court has an independent obligation to scrutinize the appropriateness of counsel's requested compensation, so as to protect the interests of the infant client." *D.J. ex rel. Roberts v. City of New York*, No. 11 Civ. 5458(JGK)(DF), 2012 WL 5431034, at *3 (S.D.N.Y. Oct. 16, 2012), *report and recommendation adopted sub nom. Roberts v. City of New York*, 2012 WL 5429521 (S.D.N.Y. Nov. 2012) (citing Local Civ. R. 83.2(a)(3)). Title 42 U.S.C. § 1988 allows for "the prevailing party, other than the United States, a reasonable attorney's fees as part of costs." 42 U.S.C. § 1988 (2014). In a Section 1988 case, "[t]he fact that a claim has been resolved by settlement . . . does not preclude a finding that the interveners are prevailing parties." *Wilder v. Bernstein*, 965 F.2d 1196, 1202 (2d Cir. 1992).

Plaintiffs' attorneys' request one-third attorneys' fees after expenses. DE [57]; *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (allowing for "expenses to be deducted before, or if not prohibited by statute or court rule, after the contingent fee is calculated" as long as such arrangement has been provided to the client in writing). The undersigned has examined those

6

expenses, as detailed by plaintiffs' counsel, which total approximately $54,000. See DE [57] Ex. D. Given that trial had commenced, the nature and amount of those expenses appear well within bounds.

Here, the Retainer Agreement explicitly sets forth that the percentage of attorneys' fees would be computer after deducting expenses. *See* DE [57] Ex. A. Furthermore, the one-third contingency fee is also reasonable in this case since New York courts have long held that one-third is a "usual and customary" rate. *See S.W. v. City of New York*, No. 09 CV-1777, 2012 WL 6625879, at *2 (E.D.N.Y. Dec. 19, 2012) (quoting *Liss v. McCrory Stores Corp.*, 7 A.D.2d 738, 738 (N.Y. App. Div. 1958) ("New York courts have long held that attorneys' fees amounting to one-third of the total recovery in an[y] cases brought on behalf of infants or incompetents constitute 'the usual and customary level.'"). Therefore, the compensation to the plaintiffs' attorneys in this case adequately protect the infant.

## CONCLUSION

For the reasons set forth herein, the undersigned respectfully recommends that the proposed infant compromise be GRANTED.

## OBJECTIONS

A copy of this Report and Recommendation is being transmitted to the parties via ECF. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed.R.Civ.P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14)

day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.**  *Thomas v. Arn*, 474 U.S. 140, 145, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
       October 22, 2014

                                        /s/ Gary R. Brown
                                        GARY R. BROWN
                                        United States Magistrate Judge